UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Ashley M. Flint,<br><br>   Plaintiff,<br><br>v.<br><br>United States of America<br><br>   Defendant | No.<br><br>COMPLAINT FOR DAMAGES<br>(DENTAL NEGLIGENCE) |

COMES NOW the Plaintiff, Ashley M. Flint, by and through her attorney of record, Cornelia Clark from Law Office of Cornelia Clark and files a Complaint against the Defendant and claims and alleges as follows:

### 1. PARTIES, JURSIDICTION AND VENUE

1.1 Plaintiff, Ashley M. Flint is over the age of 18 and at all times material hereto was a resident of Snohomish County, Washington.

1.2 All acts complained of herein occurred in Snohomish County, Washington.

PAGE 1 OF COMPLAINT FOR DAMAGES
(DENTAL NEGLIGENCE)

Law Office of Cornelia Clark
321 Burnett Ave S. Suite 201
Renton, WA 98057
Tel: 425-282-0487 Fax: 425-988-0977

1.3 The Defendant is United States of America and Plaintiff is instituting the action under the Federal Tort Claims Act 28 U.S.C.

1.4 Dr. Kefgen was an employee of the defendant, practicing dentistry in the State of Washington at Community Health Center of Snohomish County located in Everett, WA with its address at: 8609 Evergreen Way, Everett, WA 98208. The damages occurred while Dr. Kefgen was acting within the scope of his duty under his employment under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the place where the act or omission occurred, 28 U.S.C 1346(b). An administrative claim has been presented and denied.

1.5 This Court has jurisdiction over the parties hereto and the subject matter of this lawsuit.

1.6 Venue is proper in this Court as acts and omissions as alleged herein occurred in Snohomish County, Washington.

## II. FACTS

2.1 On September 8, 2016, the Plaintiff went to the dentist, the defendant, for a tooth extraction. The #3 molar had to be extracted.

2.2 The Plaintiff suffered Subcutaneous Air Emphysema due to Dr. Kefgen using a tool that caused pressurized air to be in and around an open mucogingival flap and accordingly, air was forced into the surrounding soft tissue. Dr Kefgen's actions were the direct cause of the subcutaneous air emphysema. Had Dr Kefgen used the proper tools, pressurized air would not have been introduced in the subcutaneous tissue and the resulting injury would not have occurred.

PAGE 2 OF COMPLAINT FOR DAMAGES
(DENTAL NEGLIGENCE)

Law Office of Cornelia Clark
321 Burnett Ave S. Suite 201
Renton, WA 98057
Tel: 425-282-0487 Fax: 425-988-0977

2.3 Subcutaneous Air Emphysema is completely preventable by using a rear-venting hand-piece, which was not used by Dr. Kefgen.

### III. NEGLIGENCE OF DEFENDANT

3.1 The Plaintiff incorporates sections I and II of this Complaint herein by this reference as if fully set forth.

3.2 Subcutaneous air emphysema is such a serious complication that not using a rear-venting hand piece during an extraction/such procedure as the plaintiff's, and/or using a tool that causes pressurized air to be in and around an open mucogingival flap is a breach of the standard of care for dentists. The dental drill/handpiece used by Dr. Kefgen was the direct cause of the Plaintiff's subcutaneous emphysema.

3.3 Dr. Kefgen was negligent in that it was below the standard of care for dentists in the State of Washington to not use a rear-venting hand piece in the same or similar circumstances and /or using a hand piece that caused pressurized air to be in an around the mucogingival flap during the procedure in this incident. Had a rear-venting surgical drill/handpiece been used, pressurized air wound not have been introduced into the subcutaneous tissue and the resulting injury would not have occurred,

3.4 As a proximate result of Dr. Kefgen's negligent or wrongful act or omission, acting at the time in the course and scope of his employment of the Government, the Plaintiff, Ashley Flint, has suffered injury and damages as more fully pled in section IV of this Complaint.

PAGE 3 OF COMPLAINT FOR DAMAGES
(DENTAL NEGLIGENCE)

Law Office of Cornelia Clark
321 Burnett Ave S. Suite 201
Renton, WA 98057
Tel: 425-282-0487 Fax: 425-988-0977

## IV. INJURY AND DAMAGES

4.1  Plaintiff incorporates paragraphs I through III of this Complaint herein by this reference as if fully set forth.

4.2  As a proximate result of Dr. Kefgen's negligence as stated above, the plaintiff suffered injury and damages.

4.3  The Plaintiff suffered "Subcutaneous Air Emphysema" because air was forced into the subcutaneous tissue inside her mouth. With a rear-venting handpiece, this result is impossible. During the procedure, pain shot up the right side of her face and jaw. It went through her cheek and into her right eye. Her entire face began to swell rapidly from the jawline up and through the superior orbital regions of her eye. She suffered extreme shock, as she had no idea what was happening, could not breathe and thought she "was dying". A code blue was initiated and a "Crash-team" was immediately summoned from the floor above. Dr. Kefgen initially stated it must be an allergic reaction to lidocaine, whereas epinephrine and Benadryl were administered without resolution. Ms. Flint has no known allergies, including not being allergic to lidocaine. She was transported to Providence Hospital. She was crying uncontrollably, her blood pressure spiked due to the pain, she was flushed and was violently shaking. Her right cheek was severely swollen, causing her entire face to swell. It was so swollen that her right eye was swollen shut. Her heartrate was tachycardia/tachypnea. Subcutaneous air was present on palpitation (at Providence). CT findings showed extensive subcutaneous gas emphysema of the lower neck, more extensive on the right and overlying in the lateral right clavicle. Even three (3) days later, the subcutaneous emphysema was still present.

PAGE 4 OF COMPLAINT FOR DAMAGES
(DENTAL NEGLIGENCE)

Law Office of Cornelia Clark
321 Burnett Ave S. Suite 201
Renton, WA 98057
Tel: 425-282-0487 Fax: 425-988-0977

4.4   The symptoms remained, her jaw remained swollen and pressure moved to her sinuses. As her symptoms remained so bad that eleven days later, she had to return to the emergency room again.

4.5   Plaintiff endured physical pain and suffering and extreme emotional distress. She had pain associated with everyday life. The plaintiff's enjoyment of life has been negatively affected.

4.6   In order to complete the procedure and have the tooth fully extracted, the plaintiff had to incur the out-of-pocket cost of going to an oral surgeon that agreed to provide general anesthesia due to her terror resulting from this event.

4.7   The Plaintiff is now deathly afraid of going to the dentist. She needs to have additional dental work done. She will not be able to do this unless she has anesthesia which increases the cost substantially.

4.8   As a further proximate result, the Plaintiff will have increased future medical expenses.

4.9   As a further proximate result the Plaintiff lost her job as she was let go because she could not perform her duties due to her pain. She has lost income.

4.10 Injuries, damages and all loss in amounts to be proven at trial.

## V. NOTICE

5.1   Pursuant to RCW 5.60.060(4)(b), Plaintiff elects to waive the patient-physician privilege for herself. This waiver is effective 89 days after the filing date of this lawsuit.

5.2   Plaintiff waives the patient-physician privilege for herself only to the extent necessary to allow Defendants to proceed with formal discovery pursuant to U.S.

PAGE 5 OF COMPLAINT FOR DAMAGES
(DENTAL NEGLIGENCE)

Law Office of Cornelia Clark
321 Burnett Ave S. Suite 201
Renton, WA 98057
Tel: 425-282-0487 Fax: 425-988-0977

District Court Civil Rules unchallenged by objections based upon patient-physician privilege.

5.3  The Defendants are not to contact any treating physician, past, present, or subsequent, including treating healthcare persons either directly or indirectly, without first notifying counsel for the Plaintiff so that Plaintiff's counsel might bring the matter to the attention of the Court and seek appropriate relief, including imposing limitations and restrictions upon any desire or intent by the Defendants to contact past or subsequent treating physicians ex parte, pursuant to the rule announced in *Loudon v. Mhyre*, 110 Wn.2d, 675, 756 P.2d 138 (1988) and reaffirmed in *Smith v. Orthopedics International Limited*, 170 Wn.2d 659, 244 P.3d 939 (2010).

## VI. CERTIFICATE OF MERIT

6.1  In *Putman v. Wenatchee Valley Med. Ctr., PS*, 166 Wn.2d 974 (2009), the Washington State Supreme Court struck down as unconstitutional RCW 7.70.150 - Actions alleging violations of accepted standards of care – Certificate of merit required. Nevertheless, in a showing of good faith, plaintiff attaches as exhibit 1 a true and correct copy of a declaration dated, August 22, 2018 from Darlene M. Chan, D.D.S., outlining the manner in which the Defendant's care of Plaintiff fell below the accepted standard of care. Plaintiff's theories of negligence may expand as discovery dictates.

## **PRAYER**

WHEREFORE, Plaintiff prays for relief against the Defendant as follows:

A.  Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this complaint;

PAGE 6 OF COMPLAINT FOR DAMAGES
(DENTAL NEGLIGENCE)

Law Office of Cornelia Clark
321 Burnett Ave S. Suite 201
Renton, WA 98057
Tel: 425-282-0487 Fax: 425-988-0977

B. For economic damages, in such amounts as will be proven at trial, this includes, but not limited to special damages in medical expenses in the amount of $8,002.54, lost wages in the amount of $389.00, future medical expenses and such other damages as the Court deems just and equitable;

C. For non-economic damages, in such amounts as will be proven at trial, this includes, but not limited to an amount of $175,000.00 in general damages for pain and suffering and such other amounts as the Court deems just and equitable;

D. For costs and fees incurred herein, including reasonable attorney fees;

E. For such other and further relief as the Court deems just and equitable; to award damages in such categories as it seems fit in order to award the full amount of the claim presented.

DATED: September 12, 2018

_____
Cornelia Clark – WSB #26824
Attorney for Plaintiff

PAGE 7 OF COMPLAINT FOR DAMAGES
(DENTAL NEGLIGENCE)

Law Office of Cornelia Clark
321 Burnett Ave S. Suite 201
Renton, WA 98057
Tel: 425-282-0487 Fax: 425-988-0977

# Exhibit 1

## Declaration of Darlene M. Chan, D.D.S.

I, Darlene Chan, D.D.S., am an oral maxillo-fascial surgeon and licensed dentist in Washington State with more than 34 years of surgical experience. Attached to this declaration is a copy of my Curriculum Vitae.

I have had the opportunity to review pertinent medical records regarding Ms. Ashley Flint, relating to her diagnosis of subcutaneous emphysema, on September 8, 2016. These records include visits to her dentist, Jacob Kefgen, D.D.S., at Community Health Center, treatment records from the "Crash-team" that responded to a "Code Blue" given by the dentist, as well as same-day treatment records upon Ms. Flint's arrival at Providence Health Center's Emergency Room.

It is my opinion, to a high degree of medical probability that the dental drill used in the extraction of Ms. Flint's tooth #3, a maxillary molar, was the direct cause of her subcutaneous emphysema. It was Dr. Kefgen's, use of a highspeed drill with pressurized air in and around an opened mucogingival flap that forced air into the surrounding soft tissue, resulting in instantaneous pain and swelling. Had a rear-venting surgical drill/hand-piece been used, pressurized air would not have been introduced into the subcutaneous tissue and the resulting injury would not have occurred. Dr. Kefgen's conduct did not follow the acceptable standard of care required by a dentist performing a surgical extraction of a tooth.

I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 22 day of August, 2018 in the city of Seattle, WA.

_Darlene M. Chan, DDS_
Darlene M. Chan, D.D.S.